IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: Carole D. King, Debtor | No. 25-1143 |
| **Carole D. King,**<br>Appellant,<br><br>v.<br><br>**Wolverine Endeavors VIII, LLC,**<br>Appellee. | Appeal from Bankruptcy Appellate Panel Decision District No. 24-1008 |

**APPELLEE'S MOTION TO DISMISS APPEAL**

*Myron Moskovitz (SBN 36476)
myronmoskovitz@gmail.com
MOSKOVITZ APPELLATE TEAM
90 Crocker Avenue
Piedmont, CA 94611
(510) 384-0354
Counsel for Appellee
Wolverine Endeavors VIII, LLC

## MOTION TO DISMISS APPEAL

The current appeal is pending in this Court pursuant to a notice of appeal filed on February 13, 2025.

That notice was filed and signed by attorney Herb Fox—purportedly on behalf of Carole D. King. However, Mr. Fox had no valid authorization to represent Ms. King.

Therefore, no proper notice of appeal was filed, and this appeal should be dismissed.

## THE FACTS

Carole King signed no retainer agreement with Mr. Fox. Instead, Mr. Fox bases his representation of Carole on an "association of counsel" dated May 13, 2024. See Exhibit A, attached.

The association was signed by attorney William C. Beall. But Mr. Beall did not purport to act on behalf of Carole. Indeed, Mr. Beall signed the association as "Co-Counsel *for John* E. King, Appellant and Cross-Appellee." *Id.*, emphasis added.[1]

[1] Mr. Beall represented Ms. King's husband, John King, in a related involuntary bankruptcy proceeding that Wolverine had brought against John. See *In re John King*, 664 B.R. 356 (B.A.P. 9th Cir. 2024).

Was *John King* authorized to associate Fox on Carole's behalf? No. John had a "power of attorney" signed by Carole on May 5, 2022. Exhibit B at B-4–B-23. However, at page 1 of that power of attorney (*id.* at B-4), Carole states: "This power shall become effective upon my incapacity, as determined in accordance with Section 2.1 of this Power." Section 2.1 provides:

> For all purposes under this Power, I shall be deemed "incapacitated" if and so long as a court of competent jurisdiction has made a finding to that effect or a guardian or conservator of my person or estate duly appointed by a court of competent jurisdiction is serving, or upon certification by two physicians (licensed to practice under the laws of the state where I am domiciled at the time of the certification) that I am unable properly to care for myself or for my person or property, which certification shall be made by each physician in a written declaration under penalty of perjury. A certified copy of the decree declaring incapacity or appointing a guardian or conservator, or the physician's certificate shall be attached to the original of this document and recorded in the same county or counties as the original if the original is recorded. *Id.* at B-14–B-15.

As of the date Mr. Beall signed the association of counsel (May 13, 2024), and as of the date Mr. Fox filed the notice of appeal (February

13, 2025), *none* of the Section 2.1 triggering events had occurred.[2] See attached Declaration of Anthony O'Neill.

Therefore, John had no authority to retain Mr. Beall to represent Carole. Therefore, Mr. Beall had no authority to associate Mr. Fox to represent Carole. Therefore, Mr. Fox was not authorized to file the notice of appeal on behalf of Carole. And therefore, that notice was ineffective to give this Court jurisdiction to issue any ruling regarding Carole. So the appeal should be dismissed.

## THE LAW

This Court has appellate jurisdiction "only" when a proper notice of appeal has been filed. See Fed. R. App. P. 3(a)(1). This rule applies to appeals from the Bankruptcy Appellate Panel to this Court. Fed. R. App. P. 6(b)(1).

Where an attorney is not authorized to represent a party, the attorney's filings do not give the court jurisdiction over that party. *Zirbes v. Stratton*, 187 Cal. App. 3d 1407, 1414 (1986) ("Horrigan's

[2] Indeed, it was only *after* that date that an application to appoint a guardian ad litem for Carole was filed (on February 28, 2025)—though in a different case. See Exhibit C.

appearance for Mrs. Stratton was unauthorized, thus the trial court was without jurisdiction to enter the judgment against her".); *see also Corcoran v. Arouh*, 24 Cal. App. 4th 310, 315 (1994) ("The evidence is uncontradicted that Mann had no express or actual authority from Mayers to make an appearance on behalf of him").

## OPPOSING COUNSEL'S POSITION

This Court's Advisory Committee Note to Ninth Circuit Rule 27-1 required us to "make every attempt to contact opposing counsel before filing any motion and to either inform the Court of the position of opposing counsel or provide an explanation regarding the efforts made to obtain that position."

On August 21, 2025, we asked Mr. Fox to provide us with evidence that Ms. King had retained him to represent her before he filed the notice of appeal.  He declined to do so, responding: "Myron.  Your representation that I lacked authority is false and unfounded, based only on my lack of response to your unliteral demand that I provide to you a copy of an agreement with my client and disclose other confidential and privileged information."

On August 21, 2025, we initiated the following email exchange with Mr. Neil Tardiff, who now purports to represent Carole in the current appeal to this Court:

> Dear Mr. Tardiff,
>
> Herb Fox informs me that you now represent Carole King in her appeal to the 9th Circuit.
>
> We are about to file a motion to dismiss Carole's 9th Circuit appeal, based on an ineffective notice of appeal filed by an attorney (Herb Fox) that was not authorized to represent her.
>
> The Court's Local Rule 27.1 requires us to "make every attempt to contact opposing counsel before filing any motion and to either inform the Court of the position of opposing counsel or provide an explanation regarding the efforts made to obtain that position."
>
> Please provide us with your position.
>
> Myron Moskovitz
>
> Counsel for Wolverine

Mr. Tardiff responded:

> So what is your grounds for this motion?
>
> Neil S. Tardiff*

Appellee's counsel responded:

> Fox had no retainer agreement with Carole King. Fox was associated in by Beall, who claimed that John King had retained Beall to represent Carole, as John had a power of attorney from Carole. But that power of attorney said that it became effective only if certain conditions occurred. None of those conditions had occurred when Fox filed the notice of appeal.
>
> mm

On August 22, 2025, Mr. Tardiff replied:

> My opinion is your motion would be frivolous and for the sole purpose of harassing my client - you can tell the court that I strongly oppose.
>
> Neil S. Tardiff

## CONCLUSION

Because there is no valid notice of appeal, the appeal should be dismissed. Appellee's request for judicial notice should be granted.

Date: August 25, 2025

Respectfully submitted,
Moskovitz Appellate Team

*s/ Myron Moskovitz*

By: Myron Moskovitz,
Counsel for Appellee

## DECLARATION OF ANTHONY O'NEILL

I, Anthony O'Neill, declare as follows:

1. The following facts are within my personal knowledge, and I could competently testify to them if called upon to do so.

2. I am an authorized representative of Wolverine Endeavors VIII, LLC, the Appellee in this appeal.

3. On May 5, 2022, Ms. Carole King purportedly signed a "power of attorney" authorizing her husband Mr. John King to act for her "upon my incapacity, as determined in accordance with Section 2.1 of this Power." Section 2.1 provides:

> For all purposes under this Power, I shall be deemed "incapacitated" if and so long as a court of competent jurisdiction has made a finding to that effect or a guardian or conservator of my person or estate duly appointed by a court of competent jurisdiction is serving, or upon certification by two physicians (licensed to practice under the laws of the state where I am domiciled at the time of the certification) that I am unable properly to care for myself or for my person or property, which certification shall be made by each physician in a written declaration under penalty of perjury. A certified copy of the decree declaring

> incapacity or appointing a guardian or conservator, or the physician's certificate shall be attached to the original of this document and recorded in the same county or counties as the original if the original is recorded.

4. Neither I nor any agent or employee of Wolverine has received, seen, or heard of any evidence that Ms. Carole King had ever, directly or indirectly, authorized Mr. Fox to represent her in this case, before Mr. Fox filed the notice of appeal to this Court. Nor have we received, seen, or heard of any evidence that, before Mr. Fox filed the notice of appeal to this Court on February 13, 2025,

- "a court of competent jurisdiction has made a finding" that Carole King is mentally incapacitated;
- "a guardian or conservator of [Carole King's] person or estate duly appointed by a court of competent jurisdiction is serving";
- "upon certification by two physicians (licensed to practice under the laws of the state where [Carole King is] domiciled at the time of the certification) that [she is] unable properly to care for [herself] or for [her] person or property, which certification

shall be made by each physician in a written declaration under penalty of perjury;” or

- a “certified copy of the decree declaring incapacity or appointing a guardian or conservator [of Carole King], or the physician’s certificate . . . attached to the original of this document and recorded in the same county or counties as the original if the original is recorded.”

5. I did not become aware of these facts until recently. In February this year, I saw for the first time Ms. King’s power of attorney—with its limitations. I saw that document because it was attached as an exhibit to a Declaration of Gayne Kalustian-Carrier in Support of Defendant Carole D. King’s Motion for a Protective Order and Sanctions with Exhibits, filed 2/5/25 in the San Luis Obispo County Superior Court of California, case no. 21CV-0708, a true and correct copy of relevant portions of which is attached as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the above statements are true and correct.

Executed on August 25, 2025, in San Diego, California.

Anthony O'Neill
Authorized Representative
Appellee Wolverine Endeavors VIII, LLC

# EXHIBIT A.

BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
CARISSA N. HOROWITZ, STATE BAR NO. 274814
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

HERB FOX, ESQ.
SANTA BARBARA OFFICE:
1114 STATE STREET, STE. 200
SANTA BARBARA, CA 93101
(805) 899-4777
HFOX@FOXAPPEALS.COM

Counsel for Alleged Debtor

**BANKRUPTCY APPELLATE PANEL**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In re<br><br>Carole D. King,<br><br>Alleged Debtor. | BAP No. CC-24-1008<br><br>And Cross Appeal<br>BAP No. CC-24-1017<br><br>Bk. No 9:22-bk-10673-RC<br>Chapter 7<br><br>**NOTICE OF ASSOCIATION OF COUNSEL**<br><br>No Hearing Set |

TO THE PANEL, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Appellant and Cross-Appellee Carole D. King hereby associates the Law Office of Herb Fox as co-counsel in the above appeal.



Exhibit A-1

Dated: 5/13/24

BEALL & BURKHARDT, APC

By: William C. Beall

William C. Beall, Co-Counsel for John E. King, Appellant and Cross-Appellee

Dated: May 13, 2024

Law Office of Herb Fox

By: Herb Fox

Herb Fox, Co-Counsel for John E. King, Appellant and Cross-Appellee



Exhibit A-2

# EXHIBIT B.

ELECTRONICALLY FILED
2/5/2025 4:43 PM

San Luis Obispo Superior Court

By: Tamara Wickstrom, Deputy Clerk

Michael D. Haupt (State Bar No. 197093)
Lisa R. Hamon (State Bar No. 305685)
Gayne Kalustian-Carrier (State Bar No. 336814)
**GLICK HAUPT MARINO LLP**
1315 Santa Rosa Street
San Luis Obispo, CA 93401
(805) 544-2450
michael@ghmlaw.com
lisa@ghmlaw.com
gayne@ghmlaw.com

Attorneys for Defendants

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN LUIS OBISPO**

| | |
|---|---|
| EAST WEST BANK, a California corporation,<br><br>Plaintiff,<br><br>v.<br>JOHN E. KING, an individual; CAROLE D. KING, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 21CV-0708<br><br>**DECLARATION OF GAYNE KALUSTIAN-CARRIER IN SUPPORT OF DEFENDANT CAROLE D. KING'S MOTION FOR A PROTECTIVE ORDER AND SANCTION WITH EXHIBITS**<br><br>Before the Honorable Craig van Rooyen<br>Date: 5/22, 2025<br>Time: 9:00 a.m.<br>Dept: 2 |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 5, 2025

**GLICK HAUPT MARINO LLP**

By: ____________________________________
Gayne Kalustian-Carrier
Attorneys for Carole D. King

# Exhibits to the Declaration of Gayne Kalustian-Carrier

# DURABLE POWER OF ATTORNEY

# FOR MANAGEMENT OF PROPERTY AND PERSONAL AFFAIRS

## INTRODUCTION

I, Carole Dorothy King, a resident of San Luis Obispo County, California, appoint John Earl King, my husband, as my attorney in fact.

If John Earl King dies, resigns, is unable to act because of incapacity, or is unwilling to act, I appoint the following person to serve as my attorney in fact: John Gilbert King, my son.

All references herein to "my attorney in fact" refer to the attorney in fact acting at the pertinent time.

I intend to create a Durable Power of Attorney (herein referred to as "this Power") pursuant to California Probate Code Section 4000 and following, specifically including the Uniform Durable Power of Attorney Act but specifically not including Probate Code Section 4600 and following relating to health care. This power shall become effective upon my incapacity as determined in accordance with Section 2.1 of this Power. If after being determined incapacitated I should regain my capacity as determined in accordance with Section 2.2 of this Power, the powers granted herein to my attorney in fact shall cease.

I give my attorney in fact the powers specified in this Power with the understanding that they will be used for my benefit and on my behalf and will be exercised only in a fiduciary capacity.

## ARTICLE ONE. POWERS

1.1 Real and Personal Property

I give my attorney in fact the power to take any actions he or she believes necessary or desirable for the management or maintenance of any real or personal property in which I own an interest when this Power is executed, or in which I later acquire an interest, including the power to



Exhibit B-4

acquire, sell, and convey ownership of property; control the manner in which property is managed, maintained, and used; change the form of title in which property is held, including the creation or change in survivorship interests in the property I own or in property which I have an interest; satisfy and grant security interests and other encumbrances on property; obtain and make claims on insurance policies covering risks of loss or damage to property; accept or remove tenants; collect proceeds generated by property; ensure that any needed repairs are made to property; exercise rights of participation in real estate syndicates or other real estate ventures; make improvements to property; and perform any other acts described in California Probate Code Sections 4451 and 4452, except those acts that conflict with or are limited by a more specific provision in this Power.

1.2 Securities

I give my attorney in fact the power to take any actions he or she believes necessary or desirable with respect to any securities that I own when this Power becomes effective, or that are acquired thereafter, including the power to purchase and sell securities; exercise voting rights with respect to securities; collect dividends, interest, and any other proceeds generated by securities; transfer title to securities; and perform any other acts described in California Probate Code Section 4453, except those acts that conflict with or are limited by a more specific provision in this Power. For the purposes of this section, the term "securities" includes stocks, bonds, mutual funds, and all other types of securities and financial instruments, except commodity futures contracts and call and put options on stocks and stock indexes.

1.3 Commodity Futures and Options

I give my attorney in fact the power to take any actions he or she believes necessary or desirable with respect to any commodity futures contracts and options that I own when this Power becomes effective, or that are acquired thereafter, including the power to purchase, sell, or exercise

commodity futures contracts and options; establish, modify, and terminate option accounts with a broker; and perform any other acts described in California Probate Code Section 4454, except those acts that conflict with or are limited by a more specific provision in this Power. For the purposes of this section, the term "options" means call and put options on stocks and stock indexes traded on a regulated option exchange.

1.4 Financial Institutions

I give my attorney in fact the power to take any actions he or she believes necessary or desirable in connection with any financial institution in which I have an account or an interest in an account when this Power is executed, or in which I later acquire an account or an interest in an account, including the power to continue, modify, or terminate existing accounts; open new accounts; draw, endorse, and deposit checks, drafts, and other negotiable instruments; prepare, receive, and deliver financial statements; establish, maintain, or close safe deposit boxes; borrow money; apply for and receive traveler's checks and letters of credit; extend payment periods with respect to commercial paper; and perform any other acts described in California Probate Code Section 4455, except those acts that conflict with or are limited by a more specific provision in this Power. For the purposes of this section, the term "financial institution" includes, but is not limited to, banks, trust companies, savings banks, commercial banks, building and loan associations, savings and loan companies or associations, credit unions, industrial loan companies, thrift companies, and brokerage firms.

1.5 Business Operations

I give my attorney in fact the power to take any actions he or she believes necessary or desirable in connection with any business venture in which I have an interest when this Power is executed, or in which I later acquire an interest, including the power to execute and enforce my obligations and rights as a partner in any general or limited partnership to the extent permitted by

law and any applicable partnership agreement; the power to execute and enforce my obligations and rights as a member or manager in any LLC to the extent permitted by law and any applicable LLC operating agreement; enforce my rights as the holder of a bond or similar instrument issued by any business in which I have an interest; discharge my duties and enforce my rights in any sole proprietorship; expand, recapitalize, or reorganize any business to the extent my interest in that business allows; collect proceeds generated by any business in which I have an interest and to which I am entitled; sell or liquidate my interest in a business; and perform any other acts described in California Probate Code Section 4456, except those acts that conflict with or are limited by a more specific provision in this Power.

1.6 Insurance and Annuities

I give my attorney in fact the power to take any actions he or she believes necessary or desirable with respect to any insurance or annuity contracts in which I have an interest when this Power is executed, or in which I later acquire an interest, including the power to acquire additional insurance coverage of any type or additional annuities; continue existing insurance or annuity contracts; agree to modifications in the terms of insurance or annuity contracts in which I have an interest; borrow against insurance or annuity contracts in which I have an interest, to the extent allowed under the contract terms; change beneficiaries under existing contracts and name beneficiaries under new contracts, but not including the power to designate himself or herself as the beneficiary; receive dividends, proceeds, and other benefits generated by the contracts; transfer interests in insurance or annuity contracts to the extent permitted under the terms of those contracts; and perform any other acts described in California Probate Code Section 4457, except those acts that conflict with or are limited by a more specific provision in this Power.

1.7 Retirement Plans

I give my attorney in fact the power to take any actions he or she believes necessary or desirable in order to maintain or participate in any retirement plan in which I have an interest when this Power is executed, or in which I later acquire an interest, including the power to select the manner in which benefits under the plan are to be paid; designate beneficiaries under the plan, but not including the power to designate himself or herself as the beneficiary; make voluntary contributions to the plan; make rollovers from one plan into another; to the extent authorized by the plan, borrow from the plan and sell the assets of the plan; and perform any other acts described in California Probate Code Section 4462, except those acts that conflict with or are limited by a more specific provision in this Power.

1.8 Power to Manage 529 Account

I give my attorney in fact the power to exercise all rights of an account owner or participant in any educational savings plan qualified under Internal Revenue Code section 529, including without limitation the right to roll over the balance of any account established pursuant to such plan and the right to designate a new beneficiary. My attorney in fact shall have no power to distribute the balance in any such section 529 account to himself or herself.

1.9 Estate, Trust, and Other Beneficiary Transactions

I give my attorney in fact the power to take any actions he or she believes necessary or desirable in order to act, to the extent an agent is permitted to do so by law and by any controlling instrument, with respect to any estate or trust in which I have an interest when this Power is executed, or in which I later acquire an interest, including the power to receive payments to which I am entitled from any estate or trust; participate in all proceedings concerning any estate or trust in which I have an interest; execute disclaimers of any interests I may have in any estate or trust; convey or release any contingent interests I may have in any estate or trust; make any election

available to a surviving spouse under California Probate Code Section 13502 or 13503; and perform any other acts described in California Probate Code Section 4458, except those acts that conflict with or are limited by a more specific provision in this Power. For the purposes of this section, the term "estate or trust" means all matters that affect a trust, probate estate, guardianship, conservatorship, escrow, custodianship, or other fund from which I am, may become, or claim to be entitled, as a beneficiary, to a share or payment. The powers described in this section do not include the power to create, modify, or revoke trusts.

1.10 Power to Create, Modify, and Revoke Trusts

I give my attorney in fact the power to take any action he or she believes necessary or desirable with respect to trusts that exist when this Power is executed or that are established thereafter (other than powers that I hold in a fiduciary capacity or solely by virtue of being a beneficiary of any trust), including the power to establish trusts for my benefit or the benefit of my wife, my issue, and any other of my dependents; contribute or transfer assets to any trust in which I have an interest; and exercise any power I may have as an individual (not as a fiduciary), other than as a trust beneficiary, such as borrowing trust assets, amending or revoking a trust agreement, and voting shares of stock, but subject to the limitation that any trust I have created may be modified or revoked by my attorney in fact only if expressly permitted by the trust instrument and only as provided in the trust instrument. This section shall not be construed as limiting the authority of my attorney in fact to exercise any power, with respect to trusts, that I may hold in a fiduciary capacity or as a trust beneficiary, to the extent that such authority is specifically given elsewhere in this Power.

1.11 Claims and Litigation

I give my attorney in fact the power to take any actions he or she believes necessary or desirable with respect to any claim that I may have or that has been asserted against me and with

respect to any legal proceeding in which I have an interest when this Power is executed, or in which I later acquire an interest, including the power to institute, prosecute, and defend legal proceedings and claims on my behalf; file actions to determine adverse claims, intervene in litigation, and act as amicus curiae in any proceedings affecting my interests; seek preliminary, provisional, or intermediate relief on my behalf; apply for the enforcement or satisfaction of judgments that have been rendered in my favor; participate fully in the development of claims and proceedings; submit and accept settlement offers and participate in settlement negotiations; handle all procedural aspects, such as service of process, filing of appeals, stipulations, verifications, waivers, and all other matters in any way affecting the process of any claim or litigation; fully participate in any voluntary or involuntary bankruptcy proceeding involving me or in which I am a claimant; satisfy judgments that have been rendered against me; and perform any other acts described in California Probate Code Section 4459, except those acts that conflict with or are limited by a more specific provision in this Power. My agent may not execute contracts that bind the principal to arbitration and may not submit to arbitration.

1.12 Tax Matters

For any tax year for which the statute of limitations has not run and for the tax year in which this durable power of attorney was executed and any subsequent tax year I give my attorney in fact the power to prepare and file any and all documents and take all actions that are necessary or that he or she believes to be desirable with respect to my local, state, or federal tax liability, including the power to participate in audits; exercise my rights to protest and appeal assessments; pay amounts due to the appropriate taxing authority; execute waivers, consents, closing agreements, and similar documents related to my tax liability; participate in all procedural matters connected with my tax liability; exercise any elections that may be available to me under applicable state or federal tax laws or regulations; and perform any other acts described in California Probate

Code Section 4463, except those acts that conflict with or are limited by a more specific provision in this Power.

1.13 Personal and Family Maintenance

I give my attorney in fact the power to take any actions he or she believes necessary or desirable in order to effectively conduct my personal affairs and to discharge any and all obligations I may owe to myself and to family members and other third persons who are customarily or legally entitled to my support when this Power is executed, or that are undertaken thereafter, including the power to take steps to ensure that our customary standard of living is maintained; arrange for medical and dental care; continue existing charge accounts, open new charge accounts, and make payments thereon; provide for transportation; maintain correspondence; prepare, maintain, and preserve personal records and documents; maintain membership in any social, religious, or professional organization and make contributions thereto; and perform any other acts described in California Probate Code Section 4460, except those acts that conflict with or are limited by a more specific provision in this Power. If I have granted my agent under my power of attorney for health care (advance health care directive) the power to make certain decisions and exercise certain powers regarding my personal life and my medical care, my attorney in fact shall make any payments relating to those decisions or exercise of those powers as directed by my health care agent, and is hereby released from any and all liability for making any such payments.

1.14 Pets

With respect to any animal that I own when this Power is executed or that is acquired thereafter, I give my attorney in fact the power to take any actions he or she believes necessary or desirable in order to effectively maintain the animal, including the power to house, or to arrange for the housing, support, and maintenance of the animal, and to pay reasonable boarding,

kenneling, and veterinary fees, or if the support and maintenance of the animal becomes unreasonably expensive, to dispose of the animal in a humane fashion, preferably by finding another home for the animal.

1.15 Funeral and Burial

I give my attorney in fact the power to make payments during my lifetime for my funeral or other memorial service and for burial or cremation of my remains, including the purchase of a burial plot or other place for interment of my remains or ashes, as directed by my agent under my power of attorney for health care, for which payments my attorney in fact is hereby released from any and all liability.

1.16 Gifts

I give my attorney in fact the power to make gifts, grants, or other transfers without consideration, of cash or other property, either outright or in trust, including the power to forgive indebtedness and consent to gift splitting under Internal Revenue Code Section 2513 or successor sections. The powers granted under this section shall be exercised, if at all, in favor of my wife, my issue, and any other of my dependents. Any gifts made pursuant to this section shall not be future interests within the meaning of Internal Revenue Code Section 2503, and the aggregate amount of any gifts made in any one calendar year to any one individual shall not exceed the amount that may be made free of federal gift tax to a person. The limitations in the preceding sentence shall not apply to any gifts that incur no federal gift tax, such as, for example, gifts that qualify for the unlimited federal gift tax marital deduction or charitable deduction.

1.17 Gifts to Attorney in Fact Limited to Ascertainable Standard

Notwithstanding any other provision in this Power, my attorney in fact may make gifts in amounts not to exceed the annual federal gift tax exclusion to him or her, but only if he or she is in need of funds to meet the reasonable expenses of the following: (1) support in accordance with

his or her accustomed manner of living; (2) medical, dental, hospital, and nursing services, and other costs relating to the health care of my attorney in fact; and (3) education of my attorney in fact.

1.18 Government Benefits

With respect to any government benefits either existing when this Power is executed or accruing thereafter, whether in this state or elsewhere, I give my attorney in fact the power to take all actions he or she believes necessary or desirable other than submit my claims to arbitration, including the power to execute and deliver vouchers related to government benefits; take possession of and store property as allowed under any government benefit program in which I have an interest; prepare and submit claims for government benefits to which I may be entitled; collect proceeds due to me under any government benefit plan; and perform any other acts described in California Probate Code Section 4461, except those acts that conflict with or are limited by a more specific provision in this Power. For the purposes of this section, the term "government benefits" means benefits from social security, Medicare, Medicaid, or other governmental programs, or from civil or military service.

1.19 Nomination of Conservator

If at any time proceedings are initiated for the appointment of a conservator of my person or my estate or both, I hereby nominate the following person: Amanda Syrah Diefenderfer. I hereby waive the requirement of a bond if the person nominated above is appointed as conservator. I request that, if the person nominated above is appointed conservator of my estate by a court of this state, the court make an order granting to such person all or as many of those independent powers listed in California Probate Code Section 2591 as the court shall find appropriate.

1.20 All Other Matters

Except for those actions that conflict with or are limited by another provision in this Power, I give my attorney in fact the power to act as my alter ego with respect to all matters and affairs that are not included in the other provisions in this Power, to the extent that a principal can act through an agent. This section does not authorize my attorney in fact to make health care decisions, as defined in California Probate Code Section 4617.

1.21 Incidental Powers

In connection with the exercise of any of the powers described in the preceding sections, I give my attorney in fact full authority, to the extent that a principal can act through an agent, to take all actions that he or she believes necessary, proper, or convenient, to the extent that I could take such actions myself, including the power to prepare, execute, and file all documents and maintain records; enter into contracts, other than contracts that bind me to arbitration; hire, discharge, and pay reasonable compensation to attorneys, accountants, expert witnesses, or other assistants; engage in litigation regarding a claim in favor of or against me; execute, acknowledge, seal, and deliver any instrument; and perform any other acts described in California Probate Code Section 4450, except those acts that conflict with or are limited by a more specific provision in this Power.

## ARTICLE TWO. AMPLIFYING PROVISIONS

2.1 Determination of Incapacity

For all purposes under this Power, I shall be deemed "incapacitated" if and so long as a court of competent jurisdiction has made a finding to that effect or a guardian or conservator of my person or estate duly appointed by a court of competent jurisdiction is serving, or upon certification by two physicians (licensed to practice under the laws of the state where I am domiciled at the time of the certification) that I am unable properly to care for myself or for my

person or property, which certification shall be made by each physician in a written declaration under penalty of perjury. A certified copy of the decree declaring incapacity or appointing a guardian or conservator, or the physicians' certificate shall be attached to the original of this document and recorded in the same county or counties as the original if the original is recorded.

2.2 Capacity Regained

After a determination of incapacity, I shall be deemed to have regained capacity by a finding of a court of competent jurisdiction to that effect, or when the guardianship or conservatorship for me has been judicially terminated, or upon certification by two physicians (licensed to practice under the laws of the state where I am domiciled at the time of the certification) that I am capable of properly caring for myself or am able to manage my person or property, which certification shall be made by each physician in a written declaration under penalty of perjury. A certified copy of the decree declaring my regained capacity or terminating the guardianship or conservatorship, or the physicians' certificate, shall be attached to the original of this document and recorded in the same county or counties as the original if the original is recorded.

2.3 Reimbursement for Costs and Expenses

My attorney in fact shall be entitled to reimbursement from my property for reasonable expenditures properly made in the execution of the powers conferred by me in this Power. My attorney in fact shall keep records of any such expenditures and reimbursements.

2.4 Reasonable Compensation

My attorney in fact shall be entitled to reasonable compensation for the services rendered in the execution of any of the powers conferred by me in this Power. The factors that should be taken into account in determining the amount of compensation shall be the time expended by my attorney in fact, the value of the property over which my attorney in fact exercises control and management, and the complexity of the transaction entered into by my attorney in fact in

functioning under this Power. My attorney in fact may make the payment of such amount from my assets, and shall keep records that include the amount of time spent in performing the services, a description of the services performed, and the amount of compensation paid to himself or herself for each such time period.

2.5 Reliance by Third Parties

To induce third parties to rely upon the provisions of this Power, I, for myself and on behalf of my heirs, successors, and assigns, hereby waive any privilege that may attach to information requested by my attorney in fact in the exercise of any of the powers described herein. Moreover, on behalf of my heirs, successors, and assigns, I hereby agree to hold harmless any third party who acts in reliance upon this Power for damages or liability incurred as a result of that reliance.

2.6 Release of Medical Information

My attorney in fact shall make any payments required for the provision and/or release of information or photocopies of any records to my agent under my power of attorney for health care (advance health care directive) regarding my personal affairs or my physical or mental health, including medical, dental, and hospital records, as directed by my health care agent. My attorney in fact is hereby released from any and all liability for making any such payments.

2.7 Ratification

I ratify and confirm all that my attorney in fact does or causes to be done under the authority granted in this Power. All instruments of any sort entered into in any manner by my attorney in fact shall bind me, my estate, my heirs, successors, and assigns.

2.8 Revocation and Amendment

I revoke all prior general powers of attorney that I may have executed and I retain the right to revoke or amend this document and to substitute other attorneys in fact in place of my attorney in fact. Amendments to this document shall be made in writing by me personally (not by my

attorney in fact) and they shall be attached to the original of this document and recorded in the same county or counties as the original if the original is recorded.

## ARTICLE THREE. GENERAL PROVISIONS

3.1 Signature of Attorney in Fact

My attorney in fact shall use the following form when signing on my behalf pursuant to this Power: "Joseph Riley Diefenderfer by Amanda Syrah Diefenderfer, his attorney in fact."

3.2 Photostatic Copies

Persons dealing with my attorney in fact may rely fully on a photostatic copy of this Power.

3.3 Severability

If any of the provisions of this Power are found to be invalid for any reason, such invalidity shall not affect any of the other provisions of this Power, and all invalid provisions shall be wholly disregarded.

3.4 Governing Law

All questions pertaining to validity, interpretation, and administration of this Power shall be determined in accordance with the laws of California.

3.5 Explanation of Durable Power for Property Management

I understand that this Power is an important legal document. Before executing this document, my lawyer explained to me the following: (1) this document provides my attorney in fact with broad powers to dispose, sell, convey, and encumber my real and personal property; (2) the powers granted in this Power will exist for an indefinite period of time unless I limit their duration by the terms of this Power or revoke this Power, and they will continue to exist notwithstanding my subsequent disability or incapacity; and (3) I have the right to revoke or terminate this Power at any time.

Executed on May 5, 2022, 2022, at San Luis Obispo, California.

Carole D. King
Carole Dorothy King

Acceptance by Attorney in Fact

Dated: 5/5/22

John Earl King

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Luis Obispo )

On May 5, 2022 before me, CAROLE D. KING
(insert name and title of the officer)

personally appeared TROY A. KING,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

TROY A. KING
COMM. #2372063
Notary Public - California
San Luis Obispo County
My Comm. Expires Aug. 24, 2025

Signature Troy A. King (Seal)



Exhibit B-19

## LAWYER'S CERTIFICATE

I am a lawyer authorized to practice law in the state where this power of attorney was executed, and the principal was my client at the time this power of attorney was executed. I have advised my client concerning his rights in connection with this power of attorney and the applicable law and the consequences of signing or not signing this power of attorney, and my client, after being so advised, has executed this power of attorney.

Dated: May 5, 2022 [signature]

Fred K. Glick, SBN 96417
GLICK HAUPT MARINO LLP
1315 Santa Rosa Street
San Luis Obispo, California 93401
(805) 544-2450

## STATEMENT OF CAROLE DOROTHY KING

I, Carole Dorothy King, am the principal under a Durable Power of Attorney for Property Management and Personal Affairs, which was prepared for me by Fred K.Glick and which I am executing at the same time that I am executing this statement. I hereby acknowledge that Lisa R. Hamon advised me fully concerning my rights in connection with this Durable Power of Attorney for Property Management and Personal Affairs and explained the applicable law and the consequences of signing or not signing this Durable Power of Attorney for Property Management and Personal Affairs. I have been shown and have read the warnings contained in subdivision (a) of California Probate Code Section 4128, a copy of which is attached hereto and which I have initialed.

Executed on 5/5/22, 2022, at San Luis Obispo, California.

Carole D. King

Carole Dorothy King

California Probate Code Section 4128(a)

NOTICE TO PERSON EXECUTING DURABLE POWER OF ATTORNEY

**A DURABLE POWER OF ATTORNEY IS AN IMPORTANT LEGAL DOCUMENT. BY SIGNING THE DURABLE POWER OF ATTORNEY, YOU ARE AUTHORIZING ANOTHER PERSON TO ACT FOR YOU, THE PRINCIPAL. BEFORE YOU SIGN THIS DURABLE POWER OF ATTORNEY, YOU SHOULD KNOW THESE IMPORTANT FACTS:**

**YOUR AGENT (ATTORNEY IN FACT) HAS NO DUTY TO ACT UNLESS YOU AND YOUR AGENT AGREE OTHERWISE IN WRITING.**

**THIS DOCUMENT GIVES YOUR AGENT THE POWERS TO MANAGE, DISPOSE OF, SELL, AND CONVEY YOUR REAL AND PERSONAL PROPERTY, AND TO USE YOUR PROPERTY AS SECURITY IF YOUR AGENT BORROWS MONEY ON YOUR BEHALF.**

**YOUR AGENT WILL HAVE THE RIGHT TO RECEIVE REASONABLE PAYMENT FOR SERVICES PROVIDED UNDER THIS DURABLE POWER OF ATTORNEY UNLESS YOU PROVIDE OTHERWISE IN THIS POWER OF ATTORNEY.**

**THE POWERS YOU GIVE YOUR AGENT WILL CONTINUE TO EXIST FOR YOUR ENTIRE LIFETIME, UNLESS YOU STATE THAT THE DURABLE POWER OF ATTORNEY WILL LAST FOR A SHORTER PERIOD OF TIME OR UNLESS YOU OTHERWISE TERMINATE THE DURABLE POWER OF ATTORNEY. THE POWERS YOU GIVE YOUR AGENT IN THIS DURABLE POWER OF ATTORNEY WILL CONTINUE TO EXIST EVEN IF YOU CAN NO LONGER MAKE YOUR OWN DECISIONS RESPECTING THE MANAGEMENT OF YOUR PROPERTY.**

**YOU CAN AMEND OR CHANGE THIS DURABLE POWER OF ATTORNEY ONLY BY EXECUTING A NEW DURABLE POWER OF ATTORNEY OR BY EXECUTING AN AMENDMENT THROUGH THE SAME FORMALITIES AS AN ORIGINAL. YOU HAVE THE RIGHT TO REVOKE OR TERMINATE THIS DURABLE POWER OF ATTORNEY AT ANY TIME, SO LONG AS YOU ARE COMPETENT.**

**THIS DURABLE POWER OF ATTORNEY MUST BE DATED AND MUST BE ACKNOWLEDGED BEFORE A NOTARY PUBLIC OR SIGNED BY TWO WITNESSES. IF IT IS SIGNED BY TWO WITNESSES, THEY MUST WITNESS EITHER (1) THE SIGNING OF THE POWER OF ATTORNEY OR (2) THE PRINCIPAL'S SIGNING OR ACKNOWLEDGMENT OF HIS OR HER SIGNATURE. A DURABLE POWER OF ATTORNEY THAT MAY AFFECT REAL PROPERTY SHOULD BE ACKNOWLEDGED BEFORE A NOTARY PUBLIC SO THAT IT MAY EASILY BE RECORDED.**

**YOU SHOULD READ THIS DURABLE POWER OF ATTORNEY CAREFULLY. WHEN EFFECTIVE, THIS DURABLE POWER OF ATTORNEY WILL GIVE YOUR AGENT THE RIGHT TO DEAL WITH PROPERTY THAT YOU NOW HAVE OR MIGHT ACQUIRE IN THE FUTURE. THE DURABLE POWER OF ATTORNEY IS IMPORTANT TO YOU. IF YOU DO NOT UNDERSTAND THE DURABLE POWER OF ATTORNEY, OR ANY PROVISION OF IT, THEN YOU SHOULD OBTAIN THE ASSISTANCE OF AN ATTORNEY OR OTHER QUALIFIED PERSON.**

cW.Kenj
Initials

# EXHIBIT C.

CIV-010/FL-935

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| NAME: Fred K. Glick, Esq. STATE BAR NUMBER: 96417<br>FIRM NAME: GLICK HAUPT MARINO LLP<br>STREET ADDRESS: 1315 Santa Rosa Street<br>CITY: San Luis Obispo STATE: CA ZIP CODE: 93401<br>TELEPHONE NO.: (805) 544-2450 FAX NO.:<br>EMAIL ADDRESS:<br>ATTORNEY FOR *(name)*: John E. King | **ELECTRONICALLY FILED 2/28/2025 1:34 PM**<br>San Luis Obispo Superior Court<br>By: Tamara Wickstrom, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Luis Obispo<br>STREET ADDRESS: 1050 Monterey Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Luis Obispo, CA 93408<br>BRANCH NAME: Civil | |
| PLAINTIFF/PETITIONER: East West Bank, a California corporation<br>DEFENDANT/RESPONDENT: John E. King, et al.<br>OTHER PARENT/PARTY: | |
| **APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL AND FAMILY LAW**<br>[X] **EX PARTE** | CASE NUMBER:<br>21CV-0708 |

*This form is for use in a civil or family law proceeding in which a party is a minor, a person who lacks legal capacity to make decisions, or a person for whom a conservator has been appointed. A person who seeks the appointment of a guardian ad litem in a proceeding under the Probate Code—other than a proceeding under Probate Code sections 3500–3613 for approval of a compromise, settlement, or disposition of judgment proceeds—should use form DE-350/GC-100.* ***NOTE:*** *A person may not act as a guardian ad litem unless the person is represented by an attorney, is an attorney, or, in an action under the Uniform Parentage Act (Family Code, §§ 7600–7730), is an adult relative of a minor party.*

1. I *(applicant name)*: John E. King
   am *(check all that apply)*:
   a. [ ] the parent of *(name)*:
   b. [ ] the guardian of *(name)*:
   c. [ ] the conservator of *(name)*:
   d. [X] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older)*.
   f. [ ] another interested person *(specify capacity)*:
2. I am asking the court to appoint the following person as guardian ad litem *(name, address, phone number, and email address)*:
   Jackson Glick, Esq.
   SacValleyLaw LLP, 660 Ohio Street, PO Box 908, Gridley, CA 95948
   530-846-5691 jackson@sacvalleylaw.com
3. The guardian ad litem will represent the interest of *(name, address, and, if applicable, phone number and email address)*:
   Carole D. King
   1925 Sydney Street. San Luis Obispo CA 93401
4. The person named in item 3 is a party and is *(check all that apply)*:
   a. [ ] a minor *(date of birth)*:
   b. [X] a person who lacks legal capacity to make decisions *(explain the basis for claiming lack of capacity)*:
   Mrs. King has dementia. Please see Attachment 4b for two different evaluations from two different doctors.

   [X] Continued on Attachment 4b.

   c. [ ] a person for whom a conservator has been appointed *(provide the details of the appointment)*:

   [ ] Continued on Attachment 4c.





CEB ceb.com Essential Forms

**Exhibit C-1**

| | |
|---|---|
| PLAINTIFF/PETITIONER: East West Bank, a California corporation<br>DEFENDANT/RESPONDENT: John E. King, et al.<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>21CV-0708 |

5. ☐ The person named in item 3 is a minor and is *(check one):*
   a. ☐ a plaintiff or petitioner in this action and the summons has not been issued.
   b. ☐ a defendant or respondent in this action. More than 10 days have passed since service of the summons, and no one has applied for the appointment of a guardian ad litem.

6. I am asking the court to appoint a guardian ad litem because the person named in item 3 *(check all that apply):*
   a. ☐ is a minor who is a party to an action under the Uniform Parentage Act (Family Code, §§ 7600–7730).
   b. ☐ is a minor who is requesting or opposing a request for an injunction or restraining order described in Code of Civil Procedure sections 372(b)(1) and 374(a). *(If the minor is 12 years of age or older, check one of the following):*
   The minor ☐ does ☐ does not object to the appointment of the person named in item 2.
   ☐ I don't know whether the minor objects to the appointment of the person named in item 2.
   c. ☒ has no guardian or conservator of the estate.
   d. ☐ has a guardian or conservator of the estate, but the guardian or conservator is inadequate to represent the person's interest in this action or proceeding because *(explain):*

   ☐ Continued on Attachment 6d.
   The guardian or conservator of the estate is *(name, address, telephone number, and email address):*

   *(After filing this application, you must give notice and a copy of the application to the guardian or conservator above.)*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person named in item 3.

Fred K. Glick, Esq. ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Feb 26, 2025

John E. King ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE OF APPLICANT)

## DISCLOSURES AND CONSENT TO ACT AS GUARDIAN AD LITEM

8. I have the following relationship with the person named in item 3 *(check one):*
   a. ☒ No relationship
   b. ☐ A familial relationship *(specify):*
   c. ☐ An affiliate (nonfamilial) relationship *(specify):*

9. I am *(check one):*
   a. ☒ not aware of any actual or potential conflicts of interest that would or might arise from the appointment.
   b. ☐ aware of the following actual or potential conflicts that would or might arise from the appointment *(describe the actual or potential conflicts of interest and explain why the proposed guardian should still be appointed):*

   ☐ Continued on Attachment 9b.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I consent to act as guardian ad litem in this action or proceeding. If I become aware that a potential conflict of interest has become an actual conflict, or that a new potential or actual conflict exists, I will promptly disclose the conflict of interest to the court.

Date: 02/20/2025

Jackson Glick, Esq. ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)



Exhibit C-2

# Attachment 4b

Dignity Health

Fair Oaks Specialty
850 Fair Oaks Ave, Suite 220
Arroyo Grande, CA
Phone: 805-547-2224
Fax: 805-474-5276

January 21, 2025

Patient Information
KING, CAROLE DOROTHY
1925 SYDNEY ST
SAN LUIS OBISPO, CA 93401

To Whom It May Concern:

Mrs.King has been my patient . and under my care since 2022. Mrs. king is being treated for a neurodegenerative condition that severely decreases capacity to participate in any legal hearings. Due to patient underlining condition it would not be recommended for patient to make executive decisions. Thank you for you understanding , and support. If you have any questions or concerns please feel free to reach out to our office for more information.

Sincerely;

Fair Oaks Speciality

Rajan Patel M.D.



Exhibit C-4

Central Coast
NEUROLOGICAL
SURGERY PC

1531 Higuera Street | San Luis Obispo, California | TEL: 805.704.0889 | FAX: 855.238.0180 | EML: reception @ccnsmed.com | WEB: www.ccnsmed.com

1/8/2025

To Whom It May Concern:

Ms. Carole King (DOB 2/26/1942) has been my patient at Central Coast Neurological Surgery PC since 11/9/2018.

During this time span, she has experienced a marked decrease in her mental functional capacity. This has accelerated to the point that when I last saw her in person on 7/13/24, she was her usual pleasant and courteous self, but after interacting for a short period of time it was clear that she did not recognize or have any recollection of who I was.

Ms. King unfortunately has devastating end-stage dementia of which unfortunately there is no significant treatment or cure.

Her episodic memory is markedly impaired to where she cannot remember locations, events, specific times, or even people who have been significant in her life.

Her speech abilities are not limited, but her speech is not meaningful as she her short and long-term memory are markedly compromised.

Her working memory is markedly impaired. If she were to be summoned for deposition/testimony, her answers would be immediately disregarded as nonsensical given no context. For example, during our one-hour visit on 7/13/2024 she pleasantly greeted me at the end as if she had not seen me and again did not recall that I was her surgeon whom she has known for 6 years over numerous clinical visits and surgery.

**Exhibit C-5**

I do not feel she is capable of any independent living. She is thus functionally permanently and completely disabled.

Based on my evaluation of Carole King, sitting for any legal examination would cause physical harm to the patient in terms of emotional distress, and she would offer no acceptable testimony which could be used in the court of law.

Please contact me if you have any further questions or concerns.

David John Yeh, MD

## PROOF OF SERVICE

I am employed in the County of San Luis Obispo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1315 Santa Rosa Street, San Luis Obispo, CA 93401, and my telephone number is (805) 544-2450.

On the date below, I served the attached document(s) entitled:

- **APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM – CIVIL AND FAMILY LAW – EXPARTE**

I served the documents on the person or persons below, as follows:

| | |
|---|---|
| Nick I. Iezza<br>Spiwak & Iezza, LLP<br>555 Martin Street, Suite 140<br>Thousand Oaks, CA 91360<br>Email: niezza@spiwakandiezza.com | *Attorneys for Wolverine Endeavors VIII, LLC* |
| Armen Manasserian<br>MANASSERIAN LAW, APC<br>35 Hugus Alley, Suite 210<br>Pasadena, California 91103<br>Email: armen@ml-apc.com<br>jennifer@ml-apc.com | *Attorneys for Wolverine Endeavors VIII, LLC* |
| Casey Z. Donoyan<br>LEVINSON ARSHONSKY KURTZ & KOMSKY, LLP<br>15303 Ventura Blvd., Suite 1650<br>Sherman Oaks, CA 91403<br>Email: cdonoyan@lakklawyers.com | *Attorneys for Wolverine Endeavors VIII, LLC* |

The documents were served by the following means:

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed above. For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office.

☐ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and deposited the sealed envelope with the United States Postal Service with postage fully prepaid.

☐ **By overnight delivery**. I enclosed the documents in a sealed envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I place the envelope or package for collection and overnight delivery at an office of the overnight delivery carrier.

☒ **By electronic service**. Pursuant to California rules of Court Rule 2.251, or an agreement of the parties to accept electronic service, I served the foregoing document(s) by electronically transmitting a copy of the document(s) to the electronic service address above or on the attached list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **February 27, 2025**, at San Luis Obispo, California.

Eric Paape